1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GABRIEL PRICE,                              No.  2:19-cv-2342 AC P

12                   Plaintiff,

13        v.                                     <u>ORDER</u>

14   J. LINK,

15                   Defendant.

16

17        **I.       <u>Introduction</u>**

18        Plaintiff is a state prisoner incarcerated at Mule Creek State Prison (MCSP), under the

19   authority of the California Department of Corrections and Rehabilitation (CDCR).  Plaintiff

20   proceeds pro se with an application to proceed in forma pauperis and a civil rights complaint filed

21   pursuant to 42 U.S.C. § 1983.

22        This action is referred to the undersigned United States Magistrate Judge pursuant to 28

23   U.S.C. § 636(b)(1)(B) and Local Rule 302(c).  For the reasons that follow, the court grants

24   plaintiff's request to proceed in forma pauperis, finds that the complaint fails to state a claim, and

25   grants plaintiff leave to file a First Amended Complaint.

26        **II.      <u>In Forma Pauperis Application</u>**

27        Plaintiff has submitted an affidavit and prison trust account statement that make the

28   showing required by 28 U.S.C. § 1915(a).  <u>See</u> ECF No. 2; <u>see also</u> ECF Nos. 5, 6.  Accordingly,

1

1  plaintiff's request to proceed in forma pauperis will be granted.

2        Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action.  28

3  U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

4  in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

5  direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

6  and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly

7  payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

8  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

9  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

10  1915(b)(2).

11      **III.**     **Screening of Plaintiff's Complaint**

12          **A.**     **Legal Standards for Screening Prisoner Civil Rights Complaints**

13        The court is required to screen complaints brought by prisoners seeking relief against a

14  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

15  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

16  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

17  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

18  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

19  Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

20  1984).

21        Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement

22  of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair

23  notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v.

24  Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

25  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

26  demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

27  Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555).  To survive dismissal for failure to

28  state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a

1   claim to relief that is plausible on its face.'"  Iqbal at 678 (quoting Twombly at 570).  "A claim

2   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

3   reasonable inference that the defendant is liable for the misconduct alleged.

4        "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however

5   inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

6   lawyers.'"  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97,

7   106 (1976) (internal quotation marks omitted)).  See also Fed. R. Civ. P. 8(e) ("Pleadings shall be

8   so construed as to do justice.").  Additionally, a pro se litigant is entitled to notice of the

9   deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies

10  cannot be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

11                  **B.      The Complaint**

12       Plaintiff alleges that sole defendant MCSP Correctional Officer J. Link intentionally gave

13  plaintiff's personal incoming and outgoing mail to other inmates.  The mail at issue was

14  correspondence with plaintiff's parents.  Plaintiff alleges that on June 10, 2019 Link gave

15  plaintiff's incoming mail to another prisoner, then removed plaintiff's outgoing mail from the

16  mailbox and gave it to other prisoners.  Plaintiff states that he heard Link say, "Here's Price's

17  mail.  Fuck that piece of shit.  He's no good.  Anyway, don't say anything to him about it."  ECF

18  No. 1 at 3.  Plaintiff alleges that he heard Link tell Correctional Office Gunderson she had

19  misdirected plaintiff's mail and told him, "Make sure they [the other prisoners] don't send his

20  mail out."  Id.  Plaintiff's outgoing mail was thrown down the tier later that night.  Yet another

21  prisoner told plaintiff he wasn't getting his mail because Link was giving it to other people.

22       Plaintiff alleges that he was a "victim of mail theft" and that Link's interference with the

23  federal mail system was "criminal."  Id. at 3.  Plaintiff seeks damages and an order directing Link

24  and all other correctional staff to stop giving his mail to other inmates.  Plaintiff seeks an

25  investigation of Link by CDCR's Internal Affairs office and federal prosecution of Link.

26       Plaintiff previously submitted this claim in a prior civil rights action which was dismissed

27  based on plaintiff's express statement that he had not exhausted his administrative remedies.  See

28  Price v. Link, Case No. 2:19-cv-01238 KJM AC P.  In the instant complaint, plaintiff avers that

                                            3

1  he has now exhausted his administrative remedies, ECF No. 1 at 3, and has attached a copy of the

2  Third Level Review (TLR) decision addressing the matter, id. at 5-6.

3                    **C.      Failure to State a Claim**

4         The complaint does not identify a federal constitutional or other federal right allegedly

5  violated in this case.  See ECF No. 1 at 3.  Nor is it apparent to the court that the challenged

6  conduct will support a cognizable civil rights claim.

7         Prisoners retain a First Amendment right to send and receive mail, subject to reasonable

8  regulation.  See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995), and cases cited therein.  Here

9  plaintiff alleges that Link failed to adhere to regulated mail processing procedures and that her

10  conduct was both unauthorized and intentionally harassing.  Courts recognize a prisoner's limited

11  First Amendment right to privacy in his or her personal correspondence that poses no threat to

12  institutional security.  "[T]he addressee as well as the sender of direct personal correspondence

13  derives from the First and Fourteenth Amendments a protection against unjustified governmental

14  interference with the intended communication."  Procunier v. Martinez, 416 U.S. 396, 408-09

15  (1974), rev'd in part on other grounds, Thornburgh v. Abbott, 490 U.S. 401 (1989); see also

16  Grenning v. Klemme, 34 F. Supp. 3d 1144, 1158-60 (E.D. Wash. 2014) ("prison officials are not

17  entitled to read all of an inmate's outgoing mail out of idle curiosity or animus without intruding

18  on an inmate's First Amendment rights") (collecting cases).  However, actionable violations of

19  this right require more than an incidental intrusion.  See e.g. Procunier, 416 U.S. at 413-14

20  (routine censorship of personal correspondence prohibited).

21         Here the challenged conduct appears to be limited to two incidents of mail interference on

22  a single day.  "[A]n isolated incident, without any evidence of improper motive or resulting

23  interference with the inmate's right to counsel or to access to the courts, does not give rise to a

24  constitutional violation."  Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997) (citations,

25  internal punctuation and quotation marks omitted).  Because the mail at issue was not to or from

26  counsel, its mishandling cannot have violated plaintiff's right to counsel.  Because the mail was

27  not to or from the courts, its mishandling cannot have violated plaintiff's right to access the

28  courts.  Because Link's actions are not alleged to have been in retaliation for plaintiff's exercise

of a constitutional right, no retaliation claim is suggested.[1]  Indeed, plaintiff identifies no

underlying motivation for Link's alleged harassment that might implicate his constitutional rights.

See Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997) (harassment alone does not establish

constitutional violation).  And the alleged circumstances cannot state a cognizable due process

claim based on the confiscation of plaintiff's property.  See Hudson v. Palmer, 468 U.S. 517, 533

(1984).[2]

Plaintiff cannot base a civil rights claim on Link's alleged violation of criminal law.  See

Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (criminal provisions provide no basis for

civil liability).  Nor can plaintiff obtain an Internal Affairs investigation or criminal prosecution

as remedies in a civil lawsuit.  "Criminal proceedings, unlike private civil proceedings, are public

acts initiated and controlled by the Executive Branch."  Clinton v. Jones, 520 U.S. 681, 718

(1997).

For all these reasons, the complaint fails to state a claim for relief and the court will not

direct service of the complaint on defendant Link.  Rather than recommending dismissal of the

action at this time, however, the undersigned will give plaintiff the opportunity to amend.

Plaintiff may file a First Amended Complaint if he believes that he has a legal basis for suit, and

that the pleading of additional facts would state a claim under the standards set forth above.

### IV.    Leave to File a First Amended Complaint

Plaintiff will be granted leave to file a proposed First Amended Complaint (FAC) within

thirty days, in which he may attempt to state a cognizable federal claim subject to the legal

---

[1]  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

[2]  In general, the unauthorized deprivation of personal property by a state actor, whether intentional or negligent, does not state a Section 1982 claim if the state provides an adequate post-deprivation remedy.  See Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Because California law provides an adequate post-deprivation tort remedy, see Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (per curiam), only an intentional and authorized deprivation of property, carried out pursuant to official procedures, may support an actionable claim under the Due Process Clause.  Piatt v. McDougall, 773 F.2d 1032, 1036-37 (9th Cir. 1985).

1    standards set forth herein.  The FAC must be on the form provided herewith, labeled "First

2    Amended Complaint," and provide the case number assigned this case.  The FAC must be

3    complete in itself without reference to the original complaint.  <u>See</u> Local Rule 15-220; <u>Loux v.

4    Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).

5         The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A.  Failure to timely

6    file a FAC will result in a recommendation that this action be dismissed without prejudice.

7    **V.**     **<u>Conclusion</u>**

8         For the foregoing reasons, IT IS HEREBY ORDERED that:

9         1.  Plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

10        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

11   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

12   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

13   Director of the California Department of Corrections and Rehabilitation filed concurrently

14   herewith.

15        3.  Plaintiff's complaint, ECF No. 1, fails to state a claim for relief and will not be served.

16        4.  Plaintiff is granted leave to file a First Amended Complaint (FAC) within thirty (30)

17   days after service of this order, subject to the legal standards set forth herein.  Failure to timely

18   file a FAC will result in a recommendation that this action be dismissed without prejudice.

19        5.  The Clerk of Court is directed to send plaintiff, together with a copy of this order, a

20   copy of the form complaint used by prisoners in this district to pursue a civil rights action under

21   42 U.S.C. § 1983.

22        IT IS SO ORDERED.

23   DATED: May 5, 2020

24   _____

25   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

26

27

28

6